CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
JUAN AGUILAR ROSA, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| | **COMPLAINT** |
| *Plaintiff*, | |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| 68TH GRILL INC. (D/B/A AMERICA'S | |
| CAFE & GRILL) and PETER | **ECF Case** |
| NIKOLAKAKOS, | |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiff Juan Aguilar Rosa ("Plaintiff Aguilar" or "Mr. Aguilar"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against 68th Grill Inc. (d/b/a America's Cafe & Grill), ("Defendant Corporation") and Peter Nikolakakos, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## **NATURE OF ACTION**

1.      Plaintiff Aguilar is a former employee of Defendants 68th Grill Inc. (d/b/a America's Cafe & Grill) and Peter Nikolakakos.

2.       Defendants own, operate, or control a cafe and grill, located at 1159 3rd Avenue #6067, New York, New York 10065 under the name "America's Cafe & Grill".

3.      Upon information and belief, individual Defendant Peter Nikolakakos, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Aguilar was employed as a delivery worker at the restaurant located at 1159 3rd Avenue #6067, New York, New York 10065.

5.      Plaintiff Aguilar was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to washing dishes, sweeping the floor, mopping the floor, taking out the trash, cleaning tables, cleaning the kitchen, bringing items from the basement for the cooks, and refilling the stations for the cooks (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Aguilar worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Aguilar appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Aguilar wages on a timely basis.

9.      Defendants employed and accounted for Plaintiff Aguilar as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Aguilar at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Aguilar's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Aguilar's actual duties in payroll records by designating him as a delivery worker

instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Aguilar at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

13.    In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Aguilar's and other tipped employees' tips and made unlawful deductions from Plaintiff Aguilar's and other tipped employees' wages.

14.    Defendants' conduct extended beyond Plaintiff Aguilar to all other similarly situated employees.

15.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Aguilar and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.    Plaintiff Aguilar now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.    Plaintiff Aguilar seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## **JURISDICTION AND VENUE**

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Aguilar's state law claims under 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate cafe and grill located in this district. Further, Plaintiff Aguilar was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

20.     Plaintiff Juan Aguilar Rosa ("Plaintiff Aguilar" or "Mr. Aguilar") is an adult individual residing in Bronx County, New York.

21.     Plaintiff Aguilar was employed by Defendants at America's Cafe & Grill from approximately February 2021 until on or about October 8, 2021.

22.     Plaintiff Aguilar consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

23.     At all relevant times, Defendants own, operate, or control a cafe and grill, located at 1159 3rd Avenue #6067, New York, New York 10065 under the name "America's Cafe & Grill".

24.     Upon information and belief, 68th Grill Inc. (d/b/a America's Cafe & Grill) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1159 3rd Avenue #6067, New York, New York 10065.

25.     Defendant Peter Nikolakakos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Peter Nikolakakos is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Peter Nikolakakos possesses operational control over Defendant Corporation, an ownership interest

in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Aguilar, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

26.    Defendants operate a cafe and grill located in the Upper East Side section of Manhattan in New York City.

27.    Individual Defendant, Peter Nikolakakos, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.    Each Defendant possessed substantial control over Plaintiff Aguilar's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Aguilar, and all similarly situated individuals, referred to herein.

30.    Defendants jointly employed Plaintiff Aguilar (and all similarly situated employees) and are Plaintiff Aguilar's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiff Aguilar and/or similarly situated individuals.

32.    Upon information and belief, Individual Defendant Peter Nikolakakos operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiff Aguilar's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Aguilar, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Aguilar's services.

34.    From February 2021 to October 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.     Plaintiff Aguilar is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

37.     Plaintiff Aguilar seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Juan Aguilar Rosa*

38.     Plaintiff Aguilar was employed by Defendants from approximately February 2021 until on or about October 8, 2021.

39.     Defendants ostensibly employed Plaintiff Aguilar as a delivery worker.

40.     However, Plaintiff Aguilar was also required to spend a significant portion of his work day performing the non-tipped duties described above.

41.     Although Plaintiff Aguilar ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

42.     Plaintiff Aguilar regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.     Plaintiff Aguilar's work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff Aguilar regularly worked in excess of 40 hours per week.

45.     From approximately early to mid-February 2021 until on or about the end of February 2021, Plaintiff Aguilar worked from approximately 6:00 p.m. until on or about 1:30 a.m. to 2:00 a.m., 6 days a week (typically 48 hours per week).

46.     From approximately March 2021 until on or about June 2021, Plaintiff Aguilar worked from approximately 6:00 p.m. until on or about 1:30 a.m. or 2:00 a.m., 7 days a week (typically 68 hours per week).

47.     From approximately June 2021 until on or about August 2021, Plaintiff Aguilar worked from approximately 6:00 p.m. until on or about 1:30 a.m. or 2:00 a.m., Wednesdays through Mondays and from approximately 4:00 p.m. until on or about 10:30 p.m., on Tuesdays (typically 53 hours per week).

48.     From approximately August 2021 until on or about October 8, 2021, Plaintiff Aguilar worked from approximately 6:00 p.m. until on or about 12:30 a.m. to 1:00 a.m., Mondays, Wednesdays, Thursdays, Fridays, and Saturdays and from approximately 4:00 p.m. until on or about 10:30 p.m. Tuesdays (typically 40.25 hours per week).

49.     From approximately February 2021 until on or about August 2021, Defendants paid Plaintiff Aguilar his wages in cash.

50.     From approximately August 2021 until on or about October 8, 2021, Defendants paid Plaintiff Aguilar his wages in a combination of check and cash.

51.     From approximately early to mid-February 2021 until on or about the end of February 2021, Defendants paid Plaintiff Aguilar $420 per week.

52.     From approximately March 2021 until on or about July 2021, Defendants paid Plaintiff Aguilar $350 per week.

53.     From approximately August 2021 until on or about October 8, 2021, Defendants paid Plaintiff Aguilar $375 per week (for 2 weeks Plaintiff was paid $10 per hour for the extra hours he worked) for the last 5 to 6 weeks of his employment Plaintiff was paid $12.50 per hour for the extra 1 hour and 30 minutes to 2 hours past his scheduled time that Plaintiff worked every day.

54.     Defendants never granted Plaintiff Aguilar any breaks or meal periods of any kind.

55.     Plaintiff Aguilar was never notified by Defendants that his tips were being included as an offset for wages.

56.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Aguilar's wages.

57.    Defendants withheld a portion of Plaintiff Aguilar's tips; specifically, in or around August 2021 to the end of his employment Defendants withheld approximately 15% of Plaintiff Aguilar's tips.

58.    Plaintiff Aguilar was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

59.    Defendants took improper and illegal deductions of Plaintiff Aguilar's wages; specifically, Defendants deducted 15% of his tips commencing in or around August 2021.

60.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Aguilar regarding overtime and wages under the FLSA and NYLL.

61.    Defendants did not provide Plaintiff Aguilar an accurate statement of wages, as required by NYLL 195(3).

62.    Defendants did not give any notice to Plaintiff Aguilar, in English and in Spanish (Plaintiff Aguilar's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63.    Defendants required Plaintiff Aguilar to purchase "tools of the trade" with his own funds—including a bicycle.

*Defendants' General Employment Practices*

64.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Aguilar (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

65.    Plaintiff Aguilar was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

66.     Defendants' pay practices resulted in Plaintiff Aguilar not receiving payment for all his hours worked, and resulted in Plaintiff Aguilar's effective rate of pay falling below the required minimum wage rate.

67.     Defendants habitually required Plaintiff Aguilar to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

68.     Defendants required Plaintiff Aguilar and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as a delivery worker.

69.     Plaintiff Aguilar and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

70.     Plaintiff Aguilar's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

71.     Plaintiff Aguilar and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

72.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Aguilar's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

73.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

74.     In violation of federal and state law as codified above, Defendants classified Plaintiff Aguilar and other tipped workers as tipped employees, and paid them at a rate that was lower than

the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

75.    Defendants failed to inform Plaintiff Aguilar who received tips that Defendants intended to take a deduction against Plaintiff Aguilar's earned wages for tip income, as required by the NYLL before any deduction may be taken.

76.    Defendants failed to inform Plaintiff Aguilar who received tips, that his tips were being credited towards the payment of the minimum wage.

77.    Defendants failed to maintain a record of tips earned by Plaintiff Aguilar who worked as a delivery worker for the tips he received. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Aguilar who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving a delivery worker of a portion of the tips earned during the course of their employment.

78.    Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

79.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

80.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

81.    Defendants paid Plaintiff Aguilar his wages in cash until on or about August 2021, then after August 2021 he was paid in a combination of check and cash.

82.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

83.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Aguilar (and similarly situated individuals) worked, and to avoid paying Plaintiff Aguilar properly for his full hours worked.

84.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

85.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Aguilar and other similarly situated former workers.

86.     Defendants failed to provide Plaintiff  Aguilar and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

87.     Defendants failed to provide Plaintiff Aguilar and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

88.    Plaintiff Aguilar brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

89.    At all relevant times, Plaintiff Aguilar and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

90.    The claims of Plaintiff Aguilar stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

91.    Plaintiff Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

92.    At all times relevant to this action, Defendants were Plaintiff Aguilar's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Aguilar (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

93.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

94.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

95.     Defendants failed to pay Plaintiff Aguilar (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

96.     Defendants' failure to pay Plaintiff Aguilar (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

97.     Plaintiff Aguilar (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

98.     Plaintiff Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

99.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Aguilar (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

100.    Defendants' failure to pay Plaintiff Aguilar (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

101.    Plaintiff Aguilar (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

102.     Plaintiff Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

103.    At all times relevant to this action, Defendants were Plaintiff Aguilar's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Aguilar, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

104.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Aguilar less than the minimum wage.

105.    Defendants' failure to pay Plaintiff Aguilar the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

106.    Plaintiff Aguilar was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

107.     Plaintiff Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

108.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Aguilar overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

109.    Defendants' failure to pay Plaintiff Aguilar overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

110.    Plaintiff Aguilar was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

111.      Plaintiff Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

112.      Defendants failed to provide Plaintiff Aguilar with a written notice, in English and in Spanish (Plaintiff Aguilar's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

113.      Defendants are liable to Plaintiff Aguilar in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

114.      Plaintiff Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

115.      With each payment of wages, Defendants failed to provide Plaintiff Aguilar with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

116.    Defendants are liable to Plaintiff Aguilar in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

117.    Plaintiff Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

118.    Defendants required Plaintiff Aguilar to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

119.    Plaintiff Aguilar was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

120.    Plaintiff Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

121.    At all relevant times, Defendants were Plaintiff Aguilar's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

122.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

123.    Defendants unlawfully misappropriated a portion of Plaintiff Aguilar's tips that were received from customers.

124.    Defendants knowingly and intentionally retained a portion of Plaintiff Aguilar's tips in violations of the NYLL and supporting Department of Labor Regulations.

125.    Plaintiff Aguilar was damaged in an amount to be determined at trial.

### NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

126.    Plaintiff Aguilar repeats and realleges all paragraphs above as though set forth fully herein.

127.    At all relevant times, Defendants were Plaintiff Aguilar's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

128.    Defendants made unlawful deductions from Plaintiff Aguilar's wages; specifically, Defendant withheld approximately 15% of Plaintiff's tips since he began getting paid in a combination of check and cash in or around August 2021.

129.    The deductions made from Plaintiff Aguilar's wages were not authorized or required by law.

130.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Aguilar's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

131.    Plaintiff Aguilar was damaged in an amount to be determined at trial.

### TENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

132.    Plaintiff Aguilar repeats and realleges all paragraphs above as though set forth fully herein.

133.    Defendants did not pay Plaintiff Aguilar on a regular weekly basis, in violation of NYLL §191.

134.    Defendants are liable to Plaintiff Aguilar in an amount to be determined at trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Aguilar respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Aguilar and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Aguilar and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Aguilar's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Aguilar and the FLSA Class members;

(f)      Awarding Plaintiff Aguilar and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Aguilar and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Aguilar;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Aguilar;

(j)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Aguilar;

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Aguilar's compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Aguilar;

(m)      Awarding Plaintiff Aguilar damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)      Awarding Plaintiff Aguilar damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Aguilar liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be

owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiff Aguilar and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiff Aguilar and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Aguilar demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 3, 2022

CSM LEGAL, P.C.

By:    ___/s/ Catalina Sojo___
Catalina Sojo [05779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

February 17, 2022

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Juan Aguilar Rosa

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                      17 de Febrero 2022

*Certified as a minority-owned business in the State of New York*